IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BERT ROEHL,

                              Petitioner,

     v.                                                              OPINION & ORDER

MARK NEWMAN,                                              15-cv-163-jdp

                              Respondent.

---

      Petitioner Bert Roehl is serving a three-year sentence of probation. As a condition of probation, his sentence was withheld and he served one year incarcerated in county jail. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2013 conviction from the Marathon County Circuit Court. Dkt. 1. Petitioner has paid the filing fee and this case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After considering petitioner's filings and the state court records at issue, I conclude that he has procedurally defaulted. However, I will give petitioner an opportunity to respond to this order and overcome his default.

FACTS

      The following facts are drawn from the petition and other court filings. Petitioner is appealing his October 22, 2013, conviction in case number 2010CF000759 for operating a vehicle while intoxicated. In 2010, the district attorney charged petitioner with sixth-offense operating a vehicle while intoxicated, identifying five previous convictions from 1990, 1992, 1994, 1998, and 2000. Petitioner challenged the 1992, 1994, and 1998 convictions; but he did not challenge the 1990 or 2000 convictions. The Marathon County Circuit Court found

that the 1998 conviction was invalid and, based on the remaining valid convictions, determined that the 2013 conviction was his fifth offense. The court also accepted the parties' joint sentencing recommendation and sentenced petitioner to three years of probation with one year in jail as a condition of probation. However, the court stayed the jail time until petitioner's appeal was complete.

Following petitioner's conviction, his counsel filed a no-merit brief in appeal number 2014AP1006, and the Wisconsin Court of Appeals affirmed the judgment on January 13, 2015. Petitioner reported to the county jail to begin his sentence on January 15, 2015, and filed this petition on March 13, 2015. Dkt. 1.

ANALYSIS

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254, alleging ineffective assistance of counsel. But before I may consider the merits of petitioner's arguments, he must exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A) (petitioner must "exhaust[] the remedies available in the courts of the State" before seeking relief in federal court). The doctrine of exhaustion requires a habeas corpus petitioner to fully and fairly present his claims so as to give state appellate courts a meaningful opportunity to consider the substance of those claims and correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). To fully present his claims, petitioner must pursue all available avenues of relief and comply with the state's procedural requirements before turning to the federal courts. A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007)

("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

Petitioner failed to appeal the court of appeals decision to the Wisconsin Supreme Court within the 30-day timeframe, Wis. Stat. § 808.10(1), and so he has procedurally defaulted. *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015). When a petitioner has procedurally defaulted, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" for the default means "that some objective factor" prevented compliance with the procedural rule. *Id.* at 753. "Prejudice" means that the alleged violations "worked to his *actual* and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (emphasis original). A fundamental miscarriage of justice occurs only where the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. *See Perruquet*, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760-61 (7th Cir. 2002).

I will give petitioner an opportunity to overcome his default by showing: (1) what cause he may have for his failure to properly present his defaulted claims to the Wisconsin Supreme Court; and (2) what prejudice he will suffer as the result of his failure to raise these claims properly; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If petitioner fails to show that his procedural default should be overlooked, I will dismiss his petition.

Petitioner also requests that the court assist him by recruiting counsel. Dkt. 2. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes district courts to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. But first, I must determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Two additional considerations are relevant to the interest of justice consideration: whether petitioner has attempted to obtain representation on his own, *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992), and whether the difficulty of the case exceeds petitioner's ability to litigate his claims himself, *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). To determine a petitioner's competence to litigate his own case, the court considers his literacy, communication skills, educational level, and litigation experience. *Id.*

To be financially eligible for appointment of counsel, petitioner does not have to be indigent; he must demonstrate only that he is financially unable to obtain counsel. *United States v. Sarsoun*, 834 F.2d 1358, 1362 (7th Cir. 1987) ("The Criminal Justice Act . . . merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency."). Petitioner has not submitted any information to demonstrate his financial eligibility. Nor has petitioner demonstrated that this case—or, more specifically, his response

4

to this order—exceeds his ability. I will therefore deny petitioner's motion for recruitment of counsel.

ORDER

IT IS ORDERED that:

1. Petitioner Bert Roehl is directed to show cause why his petition for a writ of habeas corpus, Dkt. 1, should not be dismissed as barred by the doctrine of procedural default. Petitioner may have until April 18, 2016, to file his response.
2. Petitioner's motion to recruit counsel, Dkt. 2, is DENIED.

Entered March 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge